MONTGOMERY L. BROWARD, ADMINISTRATOR OF CHARLES BROWARD, APPELLANT, VS. HALSTEAD H. HOEG, APPELLEE.

1. In an action brought by H. against M. B. as administrator of the estate of C. B., to foreclose a mortgage on real estate given by C. B. in his life-time, the defendant in his answer alleging that C. B. held the land in trust for certain other persons, it appearing in the record that H. was a *bona fide* purchaser by mortgage for a valuable consideration without notice of such trust, eight years having elapsed between the acquisition of the title by C. B. and the commencement of the action for foreclosure: *Held*, that it was not necessary to make the alleged beneficiaries parties defendants in the action.

2. Prior incumbrancers as mortgagees are not necessary parties in an action to foreclose a subsequent mortgage.

Appeal from the Circuit Court of the Fourth Judicial Circuit, Duval county.

The opinion of the court contains a statement of the case.

*Finley & Finley* for Appellant.

*A. A. Knight* for Appellee.

VAN VALKENBURG, J., delivered the opinion of the court.

There can be no question as to the facts in this case as disclosed by the pleadings.

John Broward died in the fall of the year 1865, and his son, Charles Broward, administered his estate as the executor of his last will and testament. There was no specific devise by the testator of what is called in the answer the " Spanish grant," a tract of. about ten thousand acres of land, covered by the mortgage which the complainant is seeking to foreclose. In the year 1865 the lands of John Broward were duly libelled in the District Court for the Northern District of Florida, and such proceedings were had in that court, under an act of Congress entitled "An act to confiscate property used for insurrectionary purposes," passed August 6, 1861, that they were duly sold at

public sale in the same year, bought by Charles Broward and subsequently conveyed to him. In the month of February, 1871, Charles, then having this title to the land, borrows of the complainant the sum of two thousand dollars, and to secure its repayment executes and delivers a mortgage upon this "Spanish grant" and other lands, conditioned for the repayment of the said sum in three months. He fails to pay the amount due at its maturity, and dies in the year 1873. His brother, Montgomery L. Broward, this defendant, is then appointed administrator of his estate, and enters upon his duties. In March, 1874, more than eight years after the purchase of these lands by Charles Broward, and over three years after the date of the mortgage given by Charles to this complainant, this action is commenced against this defendant to foreclose the same. The defendant, in his answer to the bill of complaint, claims and alleges that Charles Broward bought and held this land, not only for his own benefit, but as trustee of thirteen others, heirs-at-law of John Broward, deceased, and that by reason of their being beneficiaries, they should be made parties defendants. It is also claimed in the answer that George Wilson and James Wilson should be made parties defendants, for the reason, as it is alleged, that they own and hold a prior incumbrance upon the same lands covered by the mortgage attempted to be foreclosed. The defendant further claims that at the public sale of said premises in 1865, under and by virtue of the decree of the District Court for the Northern District of Florida, at which sale Charles Broward became the purchaser, he publicly announced that he purchased these lands for the heirs of John Broward, then deceased, and that the conveyance of the premises so sold, subsequently made by the marshal to Charles Broward, was so made to him by mistake. The complainant excepts to this answer of the defendant, the court below sustains such exceptions, and the defendant appeals to this court from that order.

The conveyance made by the marshal to Charles Broward seems to have been acquiesced in by all parties for over eight years. No attempt to rectify the alleged mistake seems to have been made. From what appears in the pleadings we are led to suppose that Charles Broward, during his life, was in the actual possession of, using and controlling the premises as his own. He made one mortgage upon it to George and James Wilson, and subsequently borrows a large sum of money from this complainant, securing its repayment by the execution of this mortgage.

The complainant in this action, so far as the record discloses, had no notice of any such trust as is alleged in the answer; he dealt with Charles Broward as the owner of the land holding the fee. The consideration for the mortgage was two thousand dollars in money paid to the mortgagor at the time of its execution and delivery; it was not given to secure the payment of an antecedent debt. There is no want of good faith or fair dealing upon the part of the complainant; the consideration was valuable and the security was supposed to be good. There can be no doubt as to the rule applicable in such a case.

Against a *bona fide* purchaser, for a valuable consideration, without notice, a court of equity will not interfere. The purchaser has equal rights with the vendor to the protection of the court. This is the well established rule. Story's Eq. Jur., § 108, 139, 165, 410, 436.

It is equally well established in this State that a "mortgagee is a purchaser to the extent of his interest in the premises, within the meaning of the term purchaser." This has been settled in this court in the cases of Gibson vs. Love, 4 Fla., 233 ; Glinski vs. Zawadski, 8 Fla., 405 ; also in Ledyard vs. Butler, 9 Paige, 132.

It would not, therefore, seem to be necessary or even proper to make the several persons named in the answer of the defendant as beneficiaries parties on account of the trust alleged, for the complainant, who is the mortgagee, is enti-

tled to all the rights of a *bona fide* purchaser for a valuable consideration and without notice. Neither is it necessary to make them parties at the bare suggestion of the administrator. He has no interest as such administrator which requires that they should be made parties. He sets up no defence in his character of administrator; he represents only the estate of his intestate mortgagor, who, if alive, could not require the alleged beneficiaries to be made parties. Had the existence of the trust been known to the complainant, the rule might be different as to the necessity of making them parties.

We cannot see that it is necessary to make the prior incumbrancers, George and James Wilson, parties defendants in this action. Their mortgage, as appears from the record, is a prior lien, and their rights under it can in no way be affected by the result of this action. Their interests are paramount to those of this complainant. The purchaser on a foreclosure sale in this action, should one be decreed by the court, would be put in the place of the mortgagor, and these mortgagees would be left in the same situation in which the commencement of this action finds them. Daniel's Ch. Practice, Vol. 1, 214; Story's Eq. Pleadings, § 193; Hilliard on Mortgages, Vol. 2, 92–5; Wright vs. Bundy, 11 Ind., 398.

The order of the court sustaining the exceptions to the answer is affirmed.