that it was not within their power to trace the goods or to return them before they were destroyed.

We think the defendants had ample time in which to trace the goods and return them. The goods were destroyed long after they should have been returned to plaintiffs, and we think they should be held liable for their loss.

Judgment reversed and judgment for plaintiffs.

---

### NECESSARY PARTIES TO FORECLOSURE IN OHIO.

Circuit Court of Lucas County.

UNITED STATES MORTGAGE & TRUST COMPANY V. ANDERSON ET AL.[*]

Decided, March 10, 1908.

*Parties—Mandatory and Permissive Joinder of—Foreclosure—Outstanding Claimant a Necessary Party to, in Ohio—Pleading—Prior Encumbrancers—Contrary Policies of the Law—Protecting Purchasers at Judicial Sale—Constitutional Law—Right to Trial by Jury.*

1. A petition in an action by a mortgagee, asserting that a defendant claims to be owner in fee simple of the mortgaged premises and praying that defendants be required to answer and set forth their respective claims to the mortgaged property or be forever barred sufficiently complies with the provisions of Revised Statutes, 5006, as to joinder of such claimant of title.
2. In Ohio an outstanding claimant of title to mortgaged real estate is a proper party defendant in a proceeding to foreclose the mortgage.

*B. A. Hayes,* for plaintiff.
*C. H. Trimble, R. P. Cary* and *C. A. Thatcher,* contra.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Opinion on demurrer.

---

[*] For other opinions in the same litigation, see *Anderson* v. *Messinger,* 4 O. L. R., 361; *Anderson* v. *United Realty Co. et al,* 9 C. C.—N. S., 473, and *United States Mortgage & Trust Co.* v. *Anderson et al,* 11 C. C.—N. S., 177.

The demurrer as presented to us is to the petition of the United States Mortgage & Trust Company, the plaintiff, filed by the defendant, Peter Anderson, in the court below and re-urged here.

The allegation of the petition as to the reasons for making him a party defendant is as follows: "Plaintiff further says that the defendant, Peter Anderson, claims to be the owner in fee simple of said premises." And just before the prayer it is said, "the plaintiff therefore asks that they" (certain defendants) "be required to answer and set forth their respective claims or be forever barred." It may be a question whether this prayer refers to the defendants immediately before named, or whether it includes with the other defendants Peter Anderson. All are named in one paragraph, and as the statement in regard to the other defendants is similar to that with regard to Anderson, my own judgment is that this clause is intended to refer to all defendants who are so brought in.

In Bates' work on Pleading and Practice and in the Kansas cases which he cites, it is indicated that an averment of this kind is hardly sufficient in some jurisdictions, or at least in those to which reference is made by Bates, without some further averment disputing the validity of the claims asserted by the parties so brought in. But in the case of *Winemiller* v. *Laughlin et al*, 51 O. S., 421, our Supreme Court makes a little more liberal interpretation of Section 5006 of the Revised Statutes. It will be remembered that that section provides that any person may be made a party who has or claims an interest in the controversy, and no special requirement is made in the statute as to the averments that are to be made as to the asserted rights of such claimants. In the case cited, *Winemiller* v. *Laughlin et al*, it was held in the syllabus, second paragraph, that:

"The plaintiff in an action to foreclose a mortgage is not required to set forth either the nature of or the facts constituting the claim of another lienholder, in order to bar the latter by a decree against his claim if he should fail to answer. If for that purpose anything more is required than to make him a party and serve him with legal process, it will be sufficient for the petition to state that such defendant claims some interest in the mortgaged

premises, and advises him that his claim or lien will be barred
if he fails to appear and disclose it."

It will be noticed that there is an implication here that possi-
bly it will not be necessary to say anything about his claim;
that it may be necessary only to make him a party by summons,
thereby giving him an opportunity to assert his claim by plead-
ing it; in other words, that it may suffice to serve notice upon
him that there is a suit in which the property in which he claims
to have an interest is to be made the subject of a controversy
and possible sale.  But whether that is or is not permissible, the
Supreme Court has definitely determined by this decision that
it is not necessary to do more than say in the petition that he
has or claims an interest in the controversy, advising him that
it will be barred if he fails to appear and disclose it, and then
serve him with summons, giving him an opportunity to assert
his rights and have them litigated.

We are unanimous in the opinion, derived from an examina-
tion of the numerous authorities cited, that the strong current
of adjudications, outside of our own state is in support of the
contention that prior encumbrancers or claimants, other than
such as derive their titles or interests from the mortgagor of
the mortgage which is sought to be foreclosed, are neither neces-
sary nor proper parties in a suit of this kind, and the im-
portant query with us, and the one to which we have devoted
the most of our attention, is as to whether that rule prevails in
Ohio, whether it is the practice which has been adopted here,
and whether it is the rule best supported by the adjudications
and the statutes of our own state.

In Whittaker's Annotated Code, in his annotation of Section
5006, and on page 106 (bottom paging), are references to some
of the same authorities which have been cited in argument, and
also to Mr. Bliss' work on Code Pleading, to which in our some-
what hurried examination of the question we have not had
access.  He cites Bliss on Code Pleading, Sections 100 and 101,
in support of the proposition that in Ohio such prior encum-
brancers or outstanding claimants are proper parties, whether
or not they are necessary ones.

In Bates' Pleading and Practice, Volume 1, page 583, is a discussion of the question very pertinent to the consideration of this demurrer. I read from the edition of 1881 which con-sidered the authorities, or at least a number of them, bearing date prior to that time. There is no essential addition to the discussion of the question in the very recent edition of the same work. On the page to which I have referred, Mr. Bates calls attention to the distinction between necessary and merely proper parties, and says that that distinction is very clearly shown in foreclosure cases. We have often had occasion to examine the distinction between mandatory and permissive joinder of par-ties. There are cases where persons must be brought in because they are essential to a determination of the controversy, and others where they may be brought in, in order to permit adju-dication of all controversies respecting claims relating to the same property in the same action.

At the outset it may be said that the law might proceed upon either of two contradictory policies. It might attempt to pro-tect paramount lienholders against any disturbance of their claims by contests between subsequent mortgagees and persons owning the equities of redemption. It might by like reasoning and upon the same principle decline to embarrass or disturb out-standing claimants by bringing them into the litigation of con-troversies with which they have no concern. On the other hand, it may be the policy of the law to protect purchasers of property at judicial sales and to make more convenient the ascertainment of the value of properties sought to be sold. One state may adopt one policy, and another, another, and in determining which poli-cies have been chosen in the different jurisdictions something may depend upon the nature of the foreclosure proceedings in the va-rious states. In Ohio it necessarily involves a judicial sale, for the proceeds of the property are subjected to the payment of the mortgage claim. Not so in some of the states. In several of them the mortgagee takes the property without any judicial sale at all.

Now manifestly, in a state where no appraisal and sale is required, a very different rule might apply. Mr. Bates, in

further consideration of this question, bases a large part of his reasoning upon the provisions of our statutes as to appraisal of the property and its sale to a purchaser. Omitting his language on this page until we arrive at paragraph 18, we find under caption, "Prior Encumbrancers, Whether Proper":

"The very great authority of Mr. Pomeroy," he says, "Sections 334 and 342, note 4, is that the incumbrancers whose liens are prior to that of the plaintiff, are in no way affected by the decree of foreclosure or the sale thereunder. Their rights are paramount, and they are neither necessary nor proper parties, and says it is generally so considered except in Iowa, citing a number of authorities, to which may be added *Broward* v. *Hoag*, 15 Fla., 370; *Coy* v. *Downie*, 14 Fla., 544, 563, and also the Kansas and Wisconsin cases cited below, as to the necessity of claiming the lien to be subsequent in order that a default may cut it off, the advice of which I have followed in drawing the forms of petition.

"Nevertheless, his authority of *Wright* v. *Bundy*, 11 Ind., 398, seems to be rather the other way, and the later authority in New York of *Brown* v. *Volkening*, 64 N. Y., 76, holding prior mortgagees to be proper parties, would overrule contrary decisions in that state. The latest New York authority is that so far as mere legal rights are concerned, only the mortgagor and subsequent lienholders are proper parties, and they only are affected by the judgment, but that prior incumbrancers may be made parties for the purpose of having their interests ascertained and paid out of the proceeds, which purpose must be indicated in the petition. *Emigrant Industrial Sav. Bk.* v. *Goldman*, 75 N. Y., 127, 132."

"It is also held," he says, "that a prior incumbrancer is a proper party in *Standish* v. *Dow*, 21 Iowa, 363; *Heimstreet* v. *Winne*, 10 Iowa, 430; *Holland* v. *Jones*, 9 Ind., 495; *Warren* v. *Burton*, 9 So. Car., 197; *Adger* v. *Pringle*, 11 So. Car., 527-545; *Besser* v. *Hawthorn*, 3 Ore., 129.

"In *White* v. *Holman*, 32 Ark., 753, he is said to be not a necessary party, perhaps implying that he is a proper one."

I have read these citations simply because I find them in Mr. Bates' discussion of the matter, and without withdrawing the statement which I made a little while ago, that our court has concluded that the decided weight of authority outside of Ohio supports the contention of counsel contending for this demurrer

and the doctrine of Mr. Pomeroy. Mr. Bates then addresses himself to the consideration of the question of the conflicting interests, or the conflicting policies, as I have called them, and says:

"Though the logic of the position of prior incumbrancer, as a holder of a paramount right, who can not be dethroned or disturbed by those subject to him, may be in favor of Mr. Pomeroy's opinion, yet there is in Ohio a practical objection to the doctrine, which is insuperable.

"In Ohio a sale is always ordered in foreclosure cases (R. S., 5316). There must be an appraisement of the real value of the property in money (R. S., Section 5389)—for this section applies to mortgages, R. S., Sec. 5373—and there can be no deduction in the appraisement for incumbrances, but the appraisement must be of the entire estate (*Baird* v. *Kirtland,* 8 Ohio, 21; *Commercial Bank* v. *Western Reserve Bk.,* 11 Ohio, 444, 450; *Fosdick's Lessee* v. *Risk,* 15 Ohio, 84, 106). And the sale can not be for less than two-thirds the appraisement. Section 5391.

"The consequence is obvious," continues Mr. Bates, "if prior incumbrances are not cut off, no bidders will give a minimum of two-thirds the value of the entire estate, with several mortgages to pay off in addition, and the junior incumbrancer is helpless, unless he is able to pay up the earlier liens.

"Nor would it be possible for the appraisers to examine the title and allow for prior incumbrances, for their value could be determined often only after examining witnesses as to the amount of interest or principal already paid, and deciding questions of law as to the validity of possible defenses, and if such prior incumbrance happens to be an indemnity mortgage, its amount would be contingent on considerations inextricable except by a court."

With much force, this last argument of Mr. Bates might be applied to the case of an outstanding but disputed claim of title; one which for the determination of its validity might require the examination of many witnesses and the taking of much evidence, a matter, of course, of almost insuperable difficulty to appraisers attempting to determine the value of the equity of redemption merely or the value of the interest of a party in possession, where his right to the possession is controverted by some person not in court.

Directly pertinent to this inquiry is the case of *Jonathan Thatcher et al* v. *Joshua M. Dickinson et al,* decided by the Putnam Circuit Court of this state at the April Term, 1888, 2 Cir. Dec., page 82. The third, fourth and fifth paragraphs of the syllabus read as follows:

"3. In a suit to foreclose a mortgage and to marshal liens, an order to sell can not be made subject to a certain undetermined indebtedness set forth in the answer and cross-petition of a defendant lienholder.

"4. Under the statute the appraisers are sworn to appraise the property at its cash value. A court is not authorized in such a suit to order an appraisement of the property 'subject to a certain undetermined indebtedness,' and an appraisement in accordance with such an order is irregular.

"5. In such an action the court should see to it that all lienholders and parties interested should be made parties, and it is error in the court to dismiss, without prejudice, a defendant lienholder, and order a sale of the property subject to his undetermined lien."

The opinion in the case is by Judge Seney. I will not stop to read it, but will say that the discussion of the matter is very much along the same line as the reasoning embodied in Mr. Bates' work on Pleading and Practice.

The case of *Doan* v. *Biteley,* 49 O. S., 588, has been largely relied upon by counsel for the plaintiff to sustain their contention that Anderson is a proper party here, because of his assertion or claim of being the owner of these premises which are sought to be sold in the foreclosure proceeding; and we think that there is much force in the claimed application of this decision. It is true that it was not the case of the foreclosure of a mortgage against a living mortgagor. But can it be said that when an administrator attempts to sell a decedent's real estate for the purpose of paying debts, his right to sell has a larger scope than that which is possessed by the sheriff upon a judicial sale of mortgaged property. In the case of the mortgage, the mortgagor owns an equity of redemption; where a man dies, he leaves to those who succeed to his interests only that which he owned. It does not seem to us that the rights conveyed at an

administrator's sale can rise higher than those which were owned by the decedent at the time of his death, if the rights conveyed by the sheriff or master at a judicial sale in a mortgage foreclosure can rise no higher than those which were owned by the mortgagor at the time of foreclosure. In either case by the adjudication in Ohio in the case of *Doan* v. *Biteley* it would seem that it was the policy of the law to have an end of litigation; to avoid a multiplicity of suits; to bring in all persons who might be interested in the sale or in having clouds removed from titles and, having determined the controversies, to protect the interests of possible purchasers by giving to them unclouded titles, titles free and clear of the claims of all persons who may be brought within the jurisdiction of the court to assert them. I have not been able to see any distinction of substance between the case which was heard in *Doan* v. *Biteley* and that which we have in the case at bar. True, the administration law makes more specific provision as to the making of parties defendant in proceedings to sell land; but the ultimate intent of the foreclosure proceeding to sell the land instead of a mere equity of redemption is made equally apparent by the legislative requirements already referred to.

The case of *Stewart* v. *Johnson,* 30 O. S., 24, decided by the Supreme Court Commission, has some bearing, we think, upon the question before us. The second paragraph of the syllabus is:

"It is the right of a mortgagee, as against his mortgagor, to foreclose the mortgage; but under the statute, he can foreclose only by a sale of the mortgaged premises; a junior mortgagee may therefore maintain an action for the foreclosure of his mortgage against those having an interest in the premises, to subject the same to the payments of the liens thereon, without having first paid off the prior mortgage."

There had been in that case a foreclosure by the senior mortgagee and a purchase at judicial sale, and it was held that the rights of the junior mortgagee remained unaffected, he not having been made a party, and when he subsequently sought to foreclose his mortgage, it was held that it might be done.

In 53 Ohio State, 151, is the case of *Stewart, Administrator, v. Railway Company et al,* which went up from my own county of Huron in the year 1895.   I will not stop to read very much of the case, but simply invite attention to the language of Judge Williams as found on page 167:

"It is the duty of a mortgagee to make all persons who appear of record to have a lien upon or interest in the mortgaged premises, parties to his action of foreclosure, and if he does not, their lien or interest remains unaffected thereby; and any such encumbrancer, whether prior or subsequent to the mortgage, who has not been made a party, may maintain an action to enforce his lien, and have a re-sale of the property for that purpose."

Citation is made of several earlier cases in Ohio, and also *Vanderkemp* v. *Shellon,* 11 Paige, 28.

Our conclusion of the whole matter is that a demurrer to the petition ought not to be sustained, but in announcing that result of this discussion, we do not wish to be understood as going any farther than the necessities of the question demand; in other words, we are not passing upon what would be the rule in the case of an effort to bring into court a prior encumbrancer whose indebtedness has not yet matured.   We are not disposing of a case as against a mortgagee having a mortgage which he may desire to preserve in force upon property for a term of years perhaps, and wherein, if the land were forced to sale as against him, it might interfere with his just rights.   We leave that question as an open one, to be determined when the question properly arises.   The demurrer to the petition will be overruled.