CONE BROS. CONSTRUCTION CO., and MUNICIPAL BOND & MORTGAGE CORP., v. MALINDA W. MOORE (MRS. A. J. MOORE) *et vir.*

193 So. 288
Division B
Opinion Filed January 19, 1940

*Bucklew & Allison,* for Appellants.
*Charles F. Blake,* for Appellees.

Per Curiam.—Plaintiffs below, appellees here, filed their bill of complaint in 1937 to foreclose a mortgage held on certain real estate in Hillsborough County. In it they alleged that one H. Palmer Harn, owner of the mortgaged property, being indebted to Mrs. M. W. Moore, executed and delivered to Mrs. Moore his promissory note, dated February 22, 1927, and as security for the note he executed and delivered to Mrs. Moore a mortgage deed to the premises involved; that there were no instruments, conveyances or incumbrances of record on the property at that time nor at the time their mortgage was filed for record, namely, March 15, 1927; that defendants claim some right, title or interest in and to the land by virtue of an assignment to Cone Brothers Construction Company of a mortgage held by Subdivison Developers, Inc., the said mortgage bearing the date of December 30, 1926, but that the said mortgage was actually executed, acknowledged and filed for record subsequent to the execution and recordation of the mortgage running in favor of the appellee, Mrs. Moore; that defendant, Cone Brothers Construction Company, by suit in 1928, foreclosed its mortgage, naming appellees as parties—service being had by publication; that such service was invalid and the decree rendered thereon void; that appellees' mortgage is a first mortgage and a prior lien, hence, they were neither necessary nor proper parties to the former suit and the decree *pro confesso* rendered against them is of no force and effect in so far as it affects their rights in the premises.

Defendants below, appellants here, filed their answer denying generally the allegations in the bill, and specifically set out that the mortgage foreclosed by the defendant, Cone Brothers Construction Company, was a purchase money mortgage, admitting, however, that it was not recorded until after that of the appellee, Mrs. Moore, but

alleging that she knew about the prior mortgaage when the one to her was executed and delivered. The answer continued and set out fully the prior foreclosure suit (foreclosing all right, title and interest of the appellees) and the manner and method of the constructive service had on these appellees by publication. The answer also set out fully a prior suit instituted by these appellees to foreclose this same mortgage, showing a dismissal of this suit at the instance of the appellants after the same had been allowed to lie dormant in the court for some six years, answer set out certain improvements placed on the premises by the defendant, Municipal Bond & Mortgage Corporation, after they had purchased the property from Cone Brothers Construction Company, and averred a prior lien for these improvements; also averred that the appellees had been guilty of laches to such an extent that they are barred from asserting their lien prior to that for the improvements on the property.

The Court struck certain portions of the answer and the defendants filed an amendment to their answer, setting out the same defenses more fully. Again, the court struck the amendment to the answer and this appeal is taken from that order of the court.

There are several questions presented to this court. We shall dispose of them in order.

The first question presented is the validity of the service had against appellees in the prior foreclosure suit. It is contended by appellees that the affidavit, upon which the order of publication is based, was defective in that the allegations therein were not adequate to give the court jurisdiction of the parties. This contention is not sound. The statute governing such service (Section 4895, C. G. L. 1927) states:

"Whenever the complainant, his agent or attorney, shall

state in a sworn bill or affidavit, duly filed, the belief of the affiant that the defendant is a resident of a State or county other than this State, specifying as particularly as may be known to affiant such residence, or that his residence is unknown, or that, if a resident, he has been absent more than sixty days next preceding the application for the order of publication, and that there is no person in the State the service of a subpoena upon whom would bind such defendant, or that he conceals himself so that the process cannot be served upon him, and further states the belief of the affiant as to the age of the defendant being over or under twenty-one years, or that his age is unknown, the judge or clerk of the court in which such bill shall have been filed shall make an order against the defendant requiring him to appear to the bill upon a day to be fixed by the order * * *."

We have previously held that the statute contemplates four separate and independent situations under which such service is allowed. That is we have held that the statute is drawn in the disjunctive and any one of the four alternative situations recited is sufficient for the issuance of the order of publication. Ballian v. Wekiwa Ranch, 97 Fla. 180, 122 South. Rep. 559. The order of publication here questioned (containing the same allegations as the affidavit on which its issuance was based) reads:

"It appearing by affidavit filed in the above styled cause, that the places of residence and post office addresses of Malinda W. Moore, and husband, A. J. Moore, J. E. McGlamery, doing business as Mirror Lake Cement Company, J. S. Tilden, E. T. Randall and B. L. Chamberlain, and each of them, are unknown, although diligent search and inquiry has been made for the same * * * and that said Malinda W. Moore, and husband, A. J. Moore, * * *,

and each of them, are over the age of twenty-one (21) years * * *."

The allegations in this order that the residence of the defendants "are unknown, although diligent search and inquiry has been made for the same"; and, "that said Malinda W. Moore, and husband, A. J. Moore, * * *, and each of them, are over the age of twenty-one (21) years" are sufficient to constitute the basis for a valid constructive service. Ballian v. Wekiwa Ranch, *supra*. While the chancellor may, at the time such service is made returnable, require certain proof of good faith, diligence and such like on the part of the party resorting to this type of service; such is not essential to a valid constructive service so long as the allegations follow the words of the statute. McDaniel v. McElvy, 91 Fla. 770, 108 South. Rep. 820, 51 L. R. 731. Some weight must always be given to the findings of a court of general jurisdiction holding that they have acquired jurisdiction by proper legal constructive service. Catlett v. Chestnutt, 107 Fla. 498, 146 South. Rep. 241.

Therefore, the court, having jurisdiction, could adjudicate all matters properly before it at that time, and its decree is not subject to collateral attack. This brings us now to the question of the propriety of the court in entering its decree extinguishing all right, title and interest of these appellees to the property involved, where the decree was rendered in a mortgage foreclosure suit and the mortgage being foreclosed was not, by the records, entitled to priority over the mortgage held by these appellees.

The law is pretty well settled that a first or senior mortgagee is not a necessary or even proper party to foreclosure proceedings brought by a second or junior mortgagee. See Jones on Mortgages, 8th Edition, Section 1830; Wiltsie on Mortgage Foreclosure, 4th Edition, Section 404, wherein it is said:

"It may be stated as a general rule that persons holding mortgages or liens prior to the mortgage under foreclosure are neither necessary nor proper parties to the action," citing numerous cases among them, Broward v. Hoeg, 15 Fla. 370.

A prior mortgagee may elect for himself the time and manner of enforcing his security. He cannot be compelled to be a party to a suit by a junior encumbrancer foreclosing his lien. It is not proper in foreclosure proceedings to try a claim of title superior or paramount to that of the mortgagor and even if a party having title is made a party and judgment entered after a hearing, it will not bind his interest; but if such claim is set up by a defendant, and this be litigated, *then* both parties will be bound by the decree. Jones on Mortgages, 8th Edition, Section 1842; Emigrant Industrial Savings Bank v. Goldman, 75 N. Y. 127.

On the record in the instant case, it is practically impossible to determine which is the prior mortgage. That can be determined only after the facts are ascertained from the testimony. So far as the record discloses, the mortgage of appellees is prior, it having been recorded prior to that of appellants (see Section 5698, C. G. L., 1927); but, if appellees had knowledge, express or implied, of appellants' mortgage prior to the execution and recording of their own, as is alleged, then the mortgage of appellants is prior. Thompson v. Maxwell, 16 Fla. 773; Lesnoff v. Becker, 101 Fla. 716, 135 South. Rep. 146; Rambo v. Dickenson, 92 Fla. 758, 110 South. Rep. 352; Sapp v. Warner, 105 Fla. 245, 141 South. Rep. 124, 127, 143 South. Rep. 648, 144 South. Rep. 481.

If it be determined on final hearing that the mortgage of appellees is entitled to priority over that of appellants, then the decree of the lower court, in so far as

it affects the rights of the present appellees, is ineffectual they not being proper parties to the suit; but if it be found that the contrary is true, then the decree rendered in the former suit is binding on these appellees.

In any event, the appellants should be allowed to set up the prior suit in defense to this action, the outcome being dependent upon the priority of the respective mortgages.

There remains but one other question to be disposed of, namely, were the appellees guilty of laches, assuming that appellees' mortgage is prior to that of appellants, to such an extent that they will be precluded from enforcing their lien ahead of the lien claimed by the purchaser, for the money actually expended in the completion of the partially constructed building situated on the premises.

Laches is primarily a question of fact to be determined from the circumstances, surroundings and conditions in each case. Norton v. Jones, 83 Fla. 81, 90 South. Rep. 854; Amos v. Campbell, 9 Fla. 187; Anderson v. Northrup, 30 Fla. 612, 12 South. Rep. 318; Hill v. Southam, 100 Fla. 1595, 132 South. Rep. 477; Seaboard All-Florida Ry. Co. v. Underhill, 105 Fla. 409, 141 South. Rep. 306. As a defense it is always available where the facts in the particular case would justify the chancellor in arriving at the conclusion that complainant has so slept on his rights as to work an injustice upon the party against whom relief is being sought. See Norton v. Jones, and cases cited above.

Without passing upon the merits of the averments in the amendment to the answer relative to laches, we state that the appellants should have been allowed to interpose the defense of laches, it being a question of fact to be determined by the chancellor only after all of the evidence is before him.

For the above reasons we are of the opinion that the order of the chancellor should be reversed and the cause

remanded for such other and further proceedings, not inconsistent with the views herein expressed, as may be proper.

It is so ordered.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.