430 So.2d 571 (1983)
Paul RICHMOND, Appellant,
v.
STOCKTON, WHATLEY, DAVIN & COMPANY, Appellee.
No. 83-188.
District Court of Appeal of Florida, Third District.
May 3, 1983.
Lapidus & Stettin and Richard Lapidus, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Stockton, Whatley, Davin & Company instituted an action to foreclose a mortgage. Among the multiple defendants was Paul Richmond, who in his answer and by way of a counterclaim for foreclosure alleged that the Stockton mortgage was inferior to a mortgage Richmond held on the same property. Richmond alleged that at the time Stockton executed its mortgage it had actual notice of the prior Richmond mortgage. Richmond further alleged that his mortgage had a priority over future advances made by Stockton.
Stockton moved to dismiss Richmond's counterclaim on the ground that it affirmatively appeared on the face of the counterclaim that Stockton's mortgage was recorded before Richmond's. Upon a finding that Stockton's mortgage and future advances were as a matter of law prior to Richmond's, the trial court granted the motion. In Cone Brothers Construction Co. v. Moore, 141 Fla. 420, 193 So. 288 (1940) (per curiam), the Florida Supreme Court stated
On the record in the instant case, it is practically impossible to determine which is the prior mortgage. That can be determined only after the facts are ascertained from the testimony. So far as the record discloses, the mortgage of appellees is prior, it having been recorded prior to that of appellants (see section 5698, C.G.L., 1927 [now codified at § 695.01, Fla. Stat. (1981)]); but, if appellees had knowledge, express or implied, of appellants' mortgage prior to the execution and recording of their own, as is alleged, then the mortgage of appellants is prior.
141 Fla. at 426, 193 So. at 291.
Because we conclude that the case sub judice is indistinguishable from Cone, we reverse and remand for further proceedings in light of that case and section 695.01, Florida Statutes (1981).
Reversed and remanded.