DAVIS, Judge.
 

 In these consolidated appeals, Citimort-gage, Inc., challenges two orders entered by the trial court below in favor of Wacho-via Bank regarding two foreclosure proceedings on the same parcel of real estate. We reverse.
 

 Factual Background
 

 On December 19, 2002, Bruce J. Henry and Melissa A. Henry (the Borrowers) executed and delivered a promissory note and mortgage to Mortgage Electronic Registration Systems Incorporated
 
 *642
 
 (MERS) as nominee for Southshore Mortgage Company. This mortgage was recorded on December 26, 2002. Subsequently, the Borrowers executed and delivered to Wachovia a note secured by two mortgages encumbering the same real property described in the MERS mortgage. These mortgages were recorded on July 3, 2003.
 

 In 2006, Wachovia filed its foreclosure action on its mortgages, listing both MERS and Southshore Mortgage Company as defendants. By its complaint, Wa-chovia alleged that its interest was superi- or to any interest that may be claimed by MERS or Southshore because the interest “is not based on a
 
 bona fide
 
 loan.” Neither defendant filed any type of answer or appearance, and a default was entered against them on May 15, 2007. The trial court then granted Wachovia’s motion for summary judgment on July 18, 2007, and entered a final judgment, stating, “The Plaintiff has established that its interest appeared as a matter of record prior to that of any Defendants.”
 

 On June 1, 2007, after the entry of the default against MERS but prior to the entry of the final judgment of foreclosure in Wachovia’s favor, MERS assigned its mortgage interest to Citimortgage. This assignment was recorded June 26, 2007. Citimortgage then filed its foreclosure proceeding naming Wachovia as a defendant. Wachovia answered and raised res judicata as an affirmative defense, noting that the prior final judgment of foreclosure previously had adjudicated the interest of the MERS mortgage. On November 28, 2007, the trial court granted a final summary judgment on the affirmative defense in favor of Wachovia, and Citimortgage appeals that final judgment.
 

 In related proceedings, Citimortgage also filed its motion to intervene and requested that the Wachovia foreclosure judgment be vacated. This motion was denied, and Citimortgage also appeals the order denying that relief.
 

 Analysis
 

 In resolving this consolidated appeal, the issue that we must address is whether the trial court’s judgment of foreclosure entered on the Wachovia mortgage was valid so as to be a viable affirmative defense to Citimortgage’s foreclosure proceeding. If the prior foreclosure proceeding was a nullity, then not only should the summary judgment on appeal be reversed, but also the order that denied Citimortgage’s request to vacate the prior foreclosure judgment.
 

 Our resolution of this issue is controlled by
 
 Cone Bros. Construction Co. v. Moore,
 
 141 Fla. 420, 193 So. 288 (1940). The facts of that case are very similar to those of the instant case. In December 1926, H. Palmer Harn, the property owner, executed and delivered a mortgage to Subdivision Development, Inc.; however, that mortgage was not immediately recorded. Subsequently, on February 22, 1927, the owner executed and delivered a mortgage on the same property to Mrs. M.W. Moore. That mortgage was recorded on March 15, 1927, prior to the recordation of the earlier mortgage. At some point in time later, the Subdivision mortgage was assigned to Cone Brothers Construction Company.
 

 In 1928, Cone Brothers filed a foreclosure action on its mortgage, naming the property owner and Mrs. Moore as defendants. There was no responsive pleading filed by Mrs. Moore, and the trial court entered a final judgment of foreclosure in favor of Cone Brothers. In 1937, Mrs. Moore filed an action to foreclose her mortgage on the real property, naming Cone Brothers as a defendant. Cone Brothers filed its answer and affirmative defenses, alleging that the prior foreclosure action had foreclosed Mrs. Moore’s
 
 *643
 
 interest in the property. Additionally, Cone Brothers alleged that its mortgage interest was superior to Mrs. Moore’s because its mortgage was a purchase money mortgage in favor of Cone Brother’s predecessor in interest of which Mrs. Moore had actual knowledge at the time she extended the loan to the property owner.
 

 In addition to the issue we have before us, the
 
 Cone Bros,
 
 court also had to address the issue of whether Cone Brothers had properly perfected service of process on Mrs. Moore. The trial court struck Cone Brothers’ defenses, and the issues were reviewed by the Supreme Court of Florida.
 

 The court determined that the service of process was sufficient and that the first foreclosure court had jurisdiction over Mrs. Moore. However, the court determined that the trial court was correct in concluding that the Cone Brothers’ foreclosure action was not a proper forum to litigate Mrs. Moore’s mortgage if in fact that mortgage was the superior interest in the real property.
 

 A prior mortgagee may elect for himself the time and manner of enforcing his security. He cannot be compelled to be a party to a suit by a junior encum-brancer foreclosing his lien. It is not proper in foreclosure proceedings to try a claim of title superior or paramount to that of the mortgagor and even if a party having title is made a party and judgment entered after a hearing, it will not bind his interest; but if such claim is set up by a defendant, and this be litigated, then both parties will be bound by the decree.
 

 [[Image here]]
 

 If it be determined on final hearing that the mortgage of [Mrs. Moore] is entitled to priority over that of [Cone Brothers], then the decree of the lower court, in so far [sic] as it affects the rights of [Mrs. Moore], is ineffectual— [Mrs. Moore] not being [a] proper part[y] to the suit; but if it be found that the contrary is true, then the decree rendered in the former suit is binding on [Cone Brothers].
 

 Cone Bros.,
 
 193 So. at 290-91 (citation omitted).
 

 Based on
 
 Cone Bros.,
 
 we reverse the summary final judgment entered in the Citimortgage foreclosure proceeding and the denial of the motion to vacate the Wachovia foreclosure judgment. If the record is clear that Citimortgage’s interest is superior due to the prior recordation of the mortgage, the final judgment of foreclosure entered in favor of Wachovia is “ineffectual” as MERS — the predecessor in interest of Citimortgage — was not a proper party to the foreclosure action and could not be brought into court to litigate its interest in the subject property.
 
 Id.
 
 However, like the factual circumstances of
 
 Cone Bros.,
 
 the record here is not clear as to the superiority of the Citimortgage interest. That is, Wachovia, as the defendant in the Citimortgage foreclosure action, raises the challenge to validity of the MERS mortgage, alleging that it was not a bona fide mortgage.
 
 [1]
 
 Accordingly, the trial court erred in granting summary judgment and instead should have held an evi-dentiary hearing to determine whether the mortgage interest held by Citimortgage is indeed superior to the Wachovia mortgage interest.
 

 On remand, if the trial court finds that the interest of Citimortgage is superior,
 
 *644
 
 the trial court should not only deny Wa-chovia’s affirmative defenses but also vacate as void the prior final judgment entered in Wachovia’s favor to the extent that it extinguished the MERS mortgage interest in the real property. However, if Wachovia can show that the interest of Citimortgage is inferior to that of Wacho-via, the prior foreclosure judgment would be valid and judgment in favor of Wacho-via on its affirmative defense would be proper in the Citimortgage foreclosure proceeding. Similarly, the denial of the motion to vacate in the Wachovia foreclosure proceeding would be appropriate.
 

 Accordingly, we reverse the final summary judgment entered in favor of Wa-chovia in the Citimortgage foreclosure proceeding, and we reverse the denial of Citimortgage’s motion to vacate the final judgment of foreclosure entered in the Wachovia foreclosure proceeding. Both cases are remanded for further proceedings consistent with this decision.
 

 Reversed and remanded with instructions.
 

 CRENSHAW and MORRIS, JJ., Concur.
 

 [1]
 

 . As stated in
 
 Cone Bros.,
 
 a defendant in a foreclosure action may challenge the validity of plaintiff’s priority in interest and, after hearing, the parties will be bound by the decision. 193 So. at 290-91.