EVANDER, J.
LaSalle Bank National Association, as trustee for First Franklin Mortgage Loan Trust 2007-1, Mortgage Loan Asset-Backed Certificate Series 2007-1, (La-Salle) appeals an order determining that a construction lien filed by Blackton, Inc., was. superior to LaSalle’s interest in the *330 same property. We have jurisdiction. See Cone Bros. Const. Co. v. Moore, 141 Fla. 420, 193 So. 288 (1940); Citimortgage, Inc., v. Henry, 24 So.3d 641 (Fla. 2d DCA 2009). We conclude-, that the earlier-recorded mortgages held by LaSalle had priority and, accordingly, reverse.
On December 22, 2006, Independence Homes, LLC, (Independence) recorded a notice of commencement of construction of a single-family residence on the subject property. The notice of commencement listed Independence as both the owner and the contractor.
Subsequently, Bruce and Michelle Morrissette purchased the home from Independence. Funding was provided by LaSalle’s predecessor-in-interest, First-Financial Corp., and was secured by two mortgages on the property. Both mortgages were recorded on March 26, 2007. On that same date, Independence recorded a notice of termination providing, inter alia, that the previously-recorded notice of commencement “is terminated as of 30 days after the recording of the Notice of Termination.” The notice of termination similarly identified Independence as both the owner and the contractor. A contractor’s affidavit executed by Independence was attached to the notice of termination. No subcontractors or materialmen filed liens within the 30 days following March 26, 2007.
After moving into the residence, the Morrissettes experienced several construction problems, including the cracking of tiles. The Morrissettes notified Independence and Independence retained Blackton to remedy the tile problem. Blackton commenced and completed its work on August 29, 2007. On September 24, 2007, after providing a “Notice to Owner” to the Morrissettes, Blackton recorded a claim of lien against the property for the unpaid balance of $8,651.29 plus interest. Neither Independence nor the Morrissettes paid Blackton for its work. Subsequently, the Morrissettes defaulted on their mortgages.
Blackton and LaSalle commenced separate foreclosure actions. They each prevailed against the Morrissettes. On January 8, 2010, a hearing was held on motions in both lawsuits to determine whether La-Salle or Blackton have the superior interest. The trial court determined that Independence’s notice of termination did not strictly comply with section 713.132, Florida Statutes (2006), and, as a result, had been ineffective to terminate the notice of commencement. The trial court then concluded that Blackton’s lien related back to the date of filing of the notice of commencement, December 27, 2006, and therefore was superior to the mortgages recorded on March 26, 2007.
We respectfully disagree with the trial court. We conclude that the notice of termination was effective to terminate the notice of commencement and, therefore, Blackton’s lien was inferior to the previously-recorded mortgages.
Pursuant to section 713.13, the notice of commencement filed by Independence would be effective for one year unless terminated or extended. Blackton’s lien would relate back to the date of the recording of the notice of commencement only if Independence’s notice of termination was ineffective to terminate the notice of commencement. § 713.07(2), Fla. Stat. (2006). Otherwise, Blackton’s lien would take priority as of the date it was recorded.
In finding Independence’s notice of termination to be invalid, the trial court erroneously concluded that “a Notice of Termination cannot be effective having both the owner and contractor as the same entity.” As conceded by Blackton in its answer brief, there is no support in the *331 law for this conclusion. See, e.g., Aetna Cas. Sur. Co. v. Buck, 594 So.2d 280 (Fla.1992). Blackton argues that the trial court’s decision should nonetheless be affirmed because the contractor’s affidavit attached to Independence’s notice of termination was invalid because it was executed by Independence. Blackton argues that a contractor’s affidavit is a nullity where the provider of the contractor’s affidavit (the contractor) is the' same entity as the recipient of the affidavit (the owner). We reject Blackton’s argument because it was not necessary for Independence to attach a contractor’s affidavit to its notice of termination. Section 713.132(1) provides that an owner may terminate the period of effectiveness of a notice of commencement by executing, swearing to, and recording a notice of termination that contains:
(a) The same information as the notice of commencement;
(b) The recording office document book and page reference numbers and date of the notice of commencement;
(c) A statement of the date as of which the notice of commencement is terminated, which date may not be earlier than 30 days after the notice of termination is recorded;
(d) A statement specifying that the notice applies to all the real property subject to the notice of commencement or specifying the portion of such real property to which it applies;

(e) A statement that all lienors have been paid in full; and

(f) A statement that the owner has, before recording the notice of termination, served a copy of the notice of termination on the contractor and on each lienor who has given notice. The owner is not required to serve a copy of the notice of termination on any lienor who has executed a waiver and release of lien upon final payment in accordance with s. 713.20.
(Emphasis added).
Independence’s notice of termination complied with this section. Blackton argues that section 713.132(2) required Independence to additionally attach a contractor’s affidavit.[1] We find this argument to be without merit. Subsection (2) provides:
An owner has the right to rely on a contractor’s affidavit given under section 713.06(3)(d)-However, the notice of termination must be accompanied by the contractor’s affidavit.
We interpret this subsection to grant an owner the right to rely on a contractor’s affidavit as an alternative to giving a sworn statement in its notice of termination that “all lienors have been paid in full.” Here, the contractor’s affidavit attached to the notice of termination was superfluous because Independence, as owner, had already averred in the notice of termination that all lienors had been fully paid.
REVERSED and REMANDED.
COHEN and JACOBUS, JJ., concur.

. Under Blackton’s interpretation of section 713.132, a notice of termination executed by an entity that was both the owner and the contractor would be valid only if accompanied by contractor's affidavits executed by each and every subcontractor retained on the job. We conclude that chapter 713 does not impose such a cumbersome and unnecessary procedure.