NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WELLS FARGO BANK, N.A., AS                )
TRUSTEE FOR CARRINGTON                    )
MORTGAGE LOAN TRUST, SERIES 2006 )
FREI ASSET-BACKED PASS-THROUGH   )
CERTIFICATES,                             )
                                          )
            Appellant,                    )
                                          )
v.                                        )      Case No. 2D13-3192
                                          )
CALVIN M. RUTLEDGE; BRUCE DIAS;           )
HARBOR TOWERS OWNERS                      )
ASSOCIATION, INC.; MARY LYNNE             )
DIAS; UNKNOWN TENANT(S) IN                )
POSSESSION OF THE SUBJECT                 )
PROPERTY,                                 )
                                          )
            Appellees.                    )
_____)

Opinion filed October 10, 2014.

Appeal from the Circuit Court for Sarasota
County; Rick DeFuria, Judge.

Curtis Herbert and Desiree B. McCarthy of
Brock & Scott, PLLC, Ft. Lauderdale, for
Appellant.

John C. Dent, Jr., and Jennifer A. McClain
of Dent & McClain, Chartered, Sarasota, for
Appellee Calvin M. Rutledge.

No Appearance for remaining Appellees.

SLEET, Judge.

Wells Fargo Bank, N.A., appeals the final summary judgment granting title to Calvin Rutledge and discharging Wells Fargo's lis pendens against the underlying property in this foreclosure action. Because we agree that Wells Fargo was not barred from pursuing foreclosure in the circuit court by laches or equitable estoppel and that material issues of fact remain as to the authenticity of Mary Dias's signature on the note and mortgage, we reverse.

**Facts**

Wells Fargo filed a foreclosure action in circuit court against Bruce and Mary Dias and named their homeowners association, Harbor Towers, as a defendant. Wells Fargo sought foreclosure of a note and mortgage against the Dias's home for $475,526.52. While that action remained pending in circuit court, Harbor Towers filed a second foreclosure action in county court to foreclose a lien on the same property. Harbor Towers erroneously named Wells Fargo as a defendant and junior lienholder. Wells Fargo did not participate in the second foreclosure action, and a default was entered against it in county court. The county court entered summary judgment in favor of Harbor Towers and the property was sold at public auction to Calvin Rutledge for $10,394. Rutledge filed a certificate of title with the clerk and joined the circuit court foreclosure case as a party. Thereafter, the circuit court entered a nonfinal order granting Rutledge's motion for summary judgment, finding that although Wells Fargo was improperly joined as a party to Harbor Towers' foreclosure action, see Citimortgage v. Henry, 24 So. 3d 641, 643 (Fla. 2d DCA 2009), it had slept on its rights by not

participating in the county court case and was barred by laches and equitable estoppel from asserting its rights in the circuit court case.

The county court granted Wells Fargo's subsequent Florida Rule of Civil Procedure 1.540(b)(4) motion to vacate the county court foreclosure judgment. Relying on Henry, 24 So. 3d at 643, the county court held that Wells Fargo's mortgage interest was superior to Harbor Towers' interest and that thus, Wells Fargo was not a proper party and was not required to litigate its interest in Harbor Towers' foreclosure action. The court vacated the county court foreclosure judgment as void. This order was affirmed on appeal to the circuit court. It does not appear that Wells Fargo sought to vacate the foreclosure sale or that the sale was ever vacated. See generally Palacios v. Fla. Funding Trust, 32 So. 3d 167, 169 (Fla. 2d DCA 2010).

Meanwhile, Rutledge continued to participate in Wells Fargo's foreclosure action. He filed a motion for final judgment relying on the prior order granting his motion for summary judgment and alleging that Mary Dias's signatures on the note and mortgage held by Wells Fargo were forged. In support, he filed the affidavit of a forensic document examiner who concluded that the signatures on the mortgage were forged after reviewing Mary Dias's signatures on an unrelated mortgage and her answer to Wells Fargo's complaint. In the answer, Mary Dias alleged that the signatures on the note and mortgage were forged and that they were not authorized by her through a power of attorney. The circuit court granted Rutledge's motion for final judgment, relying on the earlier summary judgment in his favor and explaining that because Wells Fargo provided no responsive evidence to refute the assertions of Mary Dias and the forensic document examiner as to the authenticity of Mary Dias's signatures, there was

no issue of material fact and summary judgment was appropriate. The court found that the Wells Fargo mortgage was a forgery, and therefore void, and discharged Wells Fargo's lis pendens against the property. This appeal followed.

**Analysis**

Wells Fargo argues that the trial court erred when it determined that Wells Fargo was barred from pursuing its foreclosure claim in circuit court by laches and equitable estoppel and that summary judgment was improper because material issues of fact remained as to the authenticity of Mary Dias's signatures. We review an order granting summary judgment de novo. See Konsulian v. Busey Bank, N.A., 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011).

Wells Fargo, as the superior lien holder, was not a proper party to Harbor Towers' foreclosure action. See Henry, 24 So. 3d at 643. Because it was not required to participate in the county court foreclosure action, Wells Fargo's failure to participate cannot form the basis of a laches argument. See U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185, 1187 (Fla. 3d DCA 2014) (explaining that "the final judgment of foreclosure entered in favor of the Association in the Association's foreclosure action did not eliminate the Bank's senior mortgage interest because '[f]oreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed' " (quoting Garcia v. Stewart, 906 So. 2d 1117, 1120 (Fla. 4th DCA 2005))).

Furthermore, Rutledge was at least constructively aware of Wells Fargo's lis pendens—recorded at the start of the circuit court foreclosure action—and foreclosure when he purchased the property. Wells Fargo's failure to participate in the county court foreclosure action did not lure Rutledge into a disadvantageous legal

- 4 -

position because he was aware of the circuit court action. The circuit court's nonfinal order granting summary judgment in favor of Rutledge on the grounds of laches and equitable estoppel was improper.

Wells Fargo alleges that material issues of fact remained as to whether Mary Dias's signature was forged on the note and mortgage and that summary judgment was thus inappropriate. In Wells Fargo's complaint, it alleged Bruce and Mary Dias executed a note and mortgage on the subject property and that they defaulted on the note and mortgage. Wells Fargo attached a copy of the note and mortgage, which contained the notarized signatures of Bruce and Mary Dias. There is a presumption that Mary Dias's signature is authentic under section 673.3081, Florida Statutes (2013). In Rutledge's motion for final judgment, he alleged that Mary Dias's signatures were forged and he filed the forensic document examiner's affidavit in support. Rutledge did not file any affidavits or other evidence establishing that Mary Dias's signatures on the unrelated mortgage or on her answer to Wells Fargo's complaint were genuine, nor did he request a stipulation from Wells Fargo. See § 92.38, Fla. Stat. (2013) (permitting a witness to compare "a disputed writing with any writing proved to the satisfaction of the judge to be genuine" (emphasis added)). Thus, there remains a material issue of fact as to the authenticity of Mary Dias's signature.

Accordingly, we reverse the summary judgment and the final judgment, and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

CASANUEVA and LaROSE, JJ., Concur.

- 5 -