NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WELLS FARGO BANK, N.A., as
Trustee for Carrington Mortgage Loan
Trust, Series 2006 FRE1 Asset-
Backed Pass-Through Certificates,

  Appellant/Cross-Appellee,

v.

CALVIN RUTLEDGE,

  Appellee/Cross-Appellant,

and

BRUCE DIAS; HARBOR TOWERS
OWNERS ASSOCIATION, INC.; MARY
LYNNE DIAS; UNKNOWN TENANT(S) IN
POSSESSION OF THE SUBJECT
PROPERTY,

  Appellees.

Case No. 2D16-244

Opinion filed October 20, 2017.

Appeal from the Circuit Court for Sarasota
County; Thomas M. Gallen, Senior Judge.

Shaib Y. Rios of Brock & Scott, PLLC, Ft.
Laudersale (withdrew after initial briefing);
Morgan L. Weinstein of Van Ness Law
Firm, PLC, Deerfield Beach (substituted as
counsel of record), for Appellant/Cross-
Appellee.

John C. Dent., Jr., and Jennifer A. McClain
of Dent & McClain, Chartered, Sarasota, for
Appellee/Cross-Appellant Calvin Rutledge.

No appearance for remaining Appellees.


KHOUZAM, Judge.

This appeal/cross-appeal involves two parallel foreclosure actions against Bruce and Mary Lynne Dias, one initiated by Wells Fargo Bank in December 2010 and the other initiated by Harbor Towers Owners Association in February 2011. In Harbor Towers' suit, summary judgment was entered in favor of Harbor Towers and the property was sold at public auction to Calvin Rutledge. The summary judgment in that suit was later vacated as void as to Wells Fargo, which had been improperly joined as a party.

In Wells Fargo's suit, summary judgment was entered in favor of Rutledge, who had been added as a party to the Wells Fargo suit after he bought the property. Concluding that the uncontroverted evidence showed Mary Lynne Dias's signature on the note and mortgage was forged, rendering the documents void, the court granted Rutledge title free and clear of Wells Fargo's claims. Though Wells Fargo challenged Rutledge's standing to raise the forgery defense, the court did not explicitly address the standing argument in its summary judgment order. This court reversed on appeal, determining—without mention of standing—that a material issue of fact remained on the forgery defense. See Wells Fargo Bank, N.A. v. Rutledge, 148 So. 3d 533, 535 (Fla. 2d DCA 2014).

On remand, a bench trial was held. Rutledge submitted additional evidence in support of the claim that Ms. Dias's signature had been forged. Specifically, he submitted Ms. Dias's deposition, in which she testified that she had not signed the note or mortgage and that she was not present when they were signed. She also testified that she and Mr. Dias were no longer married. Asked when they were "separated or divorced," she responded simply "2007." Wells Fargo did not present any evidence to rebut Ms. Dias's deposition testimony, and the trial court found that Ms. Dias's signature had been forged. However, the court requested the parties submit memoranda addressing the effect of the forgery, considering that the Diases were no longer married.

Wells Fargo again challenged Rutledge's standing to raise the forgery defense, but the trial court was under the misimpression that this issue had been resolved in Rutledge's favor in the previous appeal and that, therefore, it could not be addressed on remand. Ultimately, the trial court entered a final judgment of foreclosure on Mr. Dias's one-half interest in the property in favor of Wells Fargo, reasoning that the Diases owned the property as tenants in common following their divorce. Wells Fargo timely appeals, and Rutledge timely cross-appeals. We reverse and remand because Rutledge does not have standing to raise Ms. Dias's forgery defense and there was no evidence presented to support the court's conclusion that Wells Fargo was entitled to foreclose on a one-half interest in the property.

The question of whether Rutledge could raise the forgery defense was not squarely addressed by this court's previous opinion, and therefore the trial court erred in declining to resolve the issue on remand. Rutledge is not a party to or a third-party

- 3 -

beneficiary of the note and mortgage, the agreements that Wells Fargo seeks to enforce in its foreclosure suit. See Pealer v. Wilmington Trust Nat'l Ass'n ex rel. MFRA Trust, 212 So. 3d 1137, 1139 (Fla. 2d DCA 2017) (Sleet, J., concurring) ("[T]he bank's standing to foreclose derives from its right to enforce the note and mortgage." (citing St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1047 (Fla. 2d DCA 2015))). Rather, Rutledge is a subsequent purchaser who was at least constructively aware of Wells Fargo's recorded lis pendens when he purchased the property. Rutledge, 148 So. 3d at 535; see also Whitburn, LLC v. Wells Fargo Bank, N.A., 190 So. 3d 1087, 1091 (Fla. 2d DCA 2015) (holding that constructive notice of any superior interest documented in the official records is imputed to subsequent purchasers), review denied, No. SC16-945, 2016 WL 6998444 (Fla. Nov. 30, 2016); CCM Pathfinder Palm Harbor Mgmt., LLC v. Unknown Heirs of Gendron, 198 So. 3d 3, 7 (Fla. 2d DCA 2015) ("[T]he law is clear that if a recorded mortgage is valid on its face, a subsequent purchaser 'is assumed to have recognized it as a valid lien against the property which he is buying.' " (quoting Spinney v. Winter Park Bldg. & Loan Ass'n, 162 So. 899, 904 (Fla. 1935))). Accordingly, Rutledge purchased the property subject to Wells Fargo's superior interest, and his subordinate interest stemming from his possession of the property is limited. See Pealer, 212 So. 3d at 1138-39; Whitburn, 190 So. 3d at 1091-92. He cannot participate in Wells Fargo's foreclosure action as if he were a party to the note and mortgage; thus, he cannot challenge the mortgage's validity, as he attempted to do in this case. See Eurovest, Ltd. v. Segall, 528 So. 2d 482, 483 (Fla. 3d DCA 1988) ("[A] purchaser who takes title to property subject to a mortgage without assuming any personal liability for repayment of the underlying debt is . . . estopped from contesting the validity of the

- 4 -

mortgage."); Gendron, 198 So. 3d at 7 (quoting Eurovest with approval). Until the sale is formally set aside, he may still assert those limited rights available to him as a subsequent purchaser. See Eurovest, 528 So. 2d at 483 (stating that a subsequent purchaser does retain some legal and equitable remedies, including "his equitable right of redemption [and] his right to participate in excess proceeds of the sale following any foreclosure proceeding").

Moreover, there was no evidence presented to support the court's determination that Wells Fargo was entitled to foreclose on a one-half interest in the property. It was not until the end of the trial, after finding that Ms. Dias's signature had been forged, that the court sua sponte asked the parties what effect the forgery and the Diases' divorce had on the validity of the note and mortgage. The parties submitted memoranda but never took discovery or presented evidence specifically on this issue. Reasoning that the Diases originally owned the property as tenants by the entirety and then by tenants in common upon their divorce, the court concluded that Mr. Dias retained a one-half interest in the property and that Wells Fargo could foreclose on his interest—even though Wells Fargo's lien against Ms. Dias's one-half interest in the property was unenforceable. But there was no evidence (such as a final judgment of dissolution) or testimony presented to establish when the couple was divorced or whether the property had been awarded in a judgment of dissolution. Ms. Dias only testified that she had been married to Mr. Dias in 2006, that they were "separated or divorced" in 2007, and that they were no longer married at the time of her deposition in 2015. While Ms. Dias did state that she and Mr. Dias owned the property, she also maintained that she never signed the relevant note or mortgage—raising the question of

whether Mr. Dias had the authority to enter into the note or mortgage without her in the first place. See Sharp v. Hamilton, 520 So. 2d 9, 10 (Fla. 1988) ("Entireties property is not subject to a lien against only one tenant").  Without any evidence to support the court's findings that the note and mortgage continued to be valid and enforceable as to a one-half interest retained by Mr. Dias, it was error to enter final judgment of foreclosure on that interest.

For the reasons set forth above, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

BLACK and SLEET, JJ., Concur.