NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARKET TAMPA INVESTMENTS, LLC, )
)
    Appellant, )
)
v. )    Case No. 2D13-5126
)
GOLDIA MARIE STOBAUGH, a/k/a )
GOLDIA M. PARSLEY, a/k/a GOLDIA S. )
PARSLEY; BRANDON BROOK )
HOMEOWNERS ASSOCIATION, INC.; )
CITIFINANCIAL, INC., d/b/a )
CITIFINANCIAL SERVICES, INC.; )
ARCHIE J. PARSLEY, a/k/a ARCHIE J. )
PARSLEY, II; U.S. BANK NATIONAL )
ASSOCIATION, AS TRUSTEE FOR )
GSMPS 2006-RPI, )
)
    Appellees. )
_____)

Opinion filed September 2, 2015.

Appeal from the Circuit Court for
Hillsborough County; Wayne S.
Timmerman, Senior Judge.

Stuart Jay Levine and Heather A. DeGrave
of Walters Levine Klingensmith &
Thomison, P.A., Tampa, for Appellant.

Jessica Zagier Wallace of Carlton Fields
Jordan Burt, PA, Miami; and Michael K.
Winston and Dean A. Morande of Carlton
Fields Jordan Burt, PA, West Palm Beach,
for Appellee U.S. Bank National

Association, as Trustee for GSMPS 2006-RPI.

No appearance for remaining Appellees.

MORRIS, Judge.

Market Tampa Investments, LLC, appeals a final judgment of foreclosure entered against Goldia Stobaugh and in favor of U.S. Bank National Association, challenging (1) the trial court's denial of Market Tampa's motion to intervene or substitute at the final hearing on U.S. Bank's complaint for foreclosure and (2) the merits of the foreclosure judgment. We affirm in part and dismiss in part.

U.S. Bank filed a motion to dismiss this appeal, arguing that Market Tampa, who obtained the property by quitclaim deed from Stobaugh after the foreclosure complaint and lis pendens had been filed, is a stranger to the litigation and thus cannot appeal the final judgment. Market Tampa filed a motion to intervene or substitute below and thus has standing to appeal the trial court's denial of that motion, which we treat as being incorporated into the final judgment. See Litvak v. Scylla Props., LLC, 946 So. 2d 1165, 1172 (Fla. 1st DCA 2006) ("An order denying a motion to intervene is final as to and appealable by the movant." (quoting Y.H. v. F.L.H., 784 So. 2d 565, 567-68 (Fla. 1st DCA 2001))); cf. Yankeetown Mgmt., LLC v. SunTrust Mortg., Inc., 164 So. 3d 744, 745 (Fla. 2d DCA 2015) ("We dismiss the appeal because the appellant, Yankeetown Management[,] LLC, lacks standing to challenge the final judgment of foreclosure in this case. Yankeetown did not seek to intervene before the final judgment was rendered; therefore, it is a legal stranger to the action."). However, because the trial court did not permit Market Tampa to intervene or to be substituted as

- 2 -

a party, a ruling that was proper under the facts of this case,[1] Market Tampa was not a party to the foreclosure proceedings and does not have standing to appeal the merits of the final judgment of foreclosure.

Accordingly, we deny in part U.S. Bank's motion to dismiss and affirm the final judgment of foreclosure to the extent that it includes the ruling on the motion to intervene or substitute. We grant U.S. Bank's motion in part and dismiss this appeal to the extent that Market Tampa challenges the foreclosure.

Motion denied in part and granted in part; judgment affirmed in part; appeal dismissed in part.

CASANUEVA and SLEET, JJ., Concur.

---

[1]See Bymel v. Bank of Am., N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015) ("[W]hen property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action.").