PER CURIAM.
Bonafide Properties challenges the trial court’s order denying its Motion to Join or Substitute as Real Party in Interest in Wells Fargo Bank’s foreclosure action against .Xavier LaTorre and Rebecca J. LaTorre. Bonafide purchased the property at a homeowners’ association lien sale four years after the inception of Wells Fargo’s foreclosure action against- the La-Torres. Because Wells Fargo’s action was pending and it had filed its notice of lis pendens before Bonafide purchased an interest in the property, we affirm.
On March 31, 2006, Mr. LaTorre executed a promissory note in the amount of $111,920 in favor of Bank of America. On the same day, both Mr. and Mrs. LaTorre signed a mortgage on the note in favor of *695 Bank of America.[1]- The LaTorres defaulted on the debt by failing to make -the March 2010 payment--and all subsequent payments. Additionally, they failed to pay their homeowners’ association, fees. On August 3, 2010, after taking possession of. the note via special endorsement, Wells Fargo filed a foreclosure complaint against the LaTorres. The complaint also named the Carrollwood Village Phase III Homeowners’ Association as a defendant. Wells Fargo then recorded a notice of lis pen-dens on August 12, 2010. Both the La-Torres and the Association filed answers and affirmative defenses.
Subsequently, the Association brought a lien foreclosure action against the' La-Torres that resulted in the property being sold to Bonafide at a lien foreclosure sale on July 11, 2014. On September 9, 2014, Bonafide filed its Motion to Join or Substitute as Real Party in Interest in Wells Fargo’s foreclosure action against the La-Torres. Following a hearing, the trial court denied the motion and barred Bona-fide from filing any pleading, paper, or discovery or from participating in the trial on the matter. The court did, however, find that Bonafide had a right of redemption which was to be determined upon,the judicial sale of the property. .It is this order that Bonafide now appeals.
■“[WJhen property is purchased during a pending foreclosure action in which a lis pendens has been filed, the purchaser generally is not entitled to intervene in the pending foreclosure action.” Market Tampa Invs., LLC v. Stobaugh, 177 So.3d 31, 32 n. 1 (Fla. 2d DCA 2015) (alteration in original) (quoting Bymel v. Bank of Am., N.A., 159 So.3d 345, 347 (Fla. 3d DCA 2015)); see also Whitburn, LLC, v. Wells Fargo Bank, N.A., 190 So.3d 1087 (Fla. 2d DCA 2015) (“Because Whitburn purchased the property in June 2013 after Wells Fargo filed its notice of lis pendens in December 2012, Whitburn took- the property subject to the outcome of the litigation in Wells Fargo’s case,, including .the foreclosure sale to which Wells Fargo was entitled as a result of the judgment entered in its favor.”); Timucuan Props. v. Bank of N.Y. Mellon, 135 So.3d 524, 524 (Fla. 5th DCA 2014) (“This court is committed to the doctrine that a purchaser pendente life is not entitled to intervene.” (quoting Intermediary Fin. Corp. v. McKay, 111 So. 531, 531 (Fla.1927))); SADCO, Inc. v. Countrywide Funding, Inc., 680 So.2d 1072, 1072 (Fla. 3d DCA 1996) (“[A] purchaser of property that was [the] subject of [a] lis pendens arising from [a] bank’s pending foreclosure action [is] not entitled to intervene in that action.”); Andresix Corp. v. Peoples Doumtown Nat’l Bank, 419 So.2d 1107, 1107 (Fla. 3d DCA 1982) (“We affirm the trial court’s order denying the motion to intervene filed by Andresix Corporation upon a holding that Andresix, as a purchaser of property which was then the subject of a mortgage foreclosure action and accompanying lis pen-dens by Peoples Downtown National Bank, was not entitled to intervene in such action.”).
Here, it is undisputed that Bonafide acquired its rights to the property four years after Wells Fargo initiated the foreclosure action and filed its notice of lis pendens. As such, the trial court did not abuse its discretion in determining that Bonafide is not entitled to intervene in Wells Fargo’s foreclosure action.[2]
Affirmed.
*696 SLEET and LUCAS, JJ., Concur.
ALTENBERND, J., Concurs with opinion.

. The note does not specify who the borrowers are, but it is signed only by Mr. LaTorre. The mortgage designates the borrowers to be both Xavier and Rebecca LaTorre, and both of the LaTorres signed the mortgage.

. This court reviews orders denying intervention for an abuse of discretion. See Harbor *696 Specialty Ins. Co. v. Schwartz, 932 So.2d 383, 386 (Fla. 2d DCA 2006); see also Fla. R. Civ. P. 1.230.