# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1561
Lower Tribunal No. 10-51259
_____

**Darlene LaFaille, etc., et al.,**
Appellants,

vs.

**Nationstar Mortgage, LLC d/b/a Champion Mortgage Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eugene J. Fierro, Senior Judge.

The Herman Law Group, P.A., and Bruce K. Herman (Fort Lauderdale), for appellants.

Akerman LLP, Nancy M. Wallace (Tallahassee), Michael J. Larson (Tallahassee) and William P. Heller (Fort Lauderdale), for appellee.

Before SHEPHERD, LAGOA and EMAS, JJ.

EMAS, J.

Appellants Darlene LaFaille and Patrick LaFaille, seek review of a final judgment of foreclosure in favor of Nationstar Mortgage, LLC d/b/a Champion Mortgage Company, following a nonjury trial. Upon our review of the record below, we affirm the final judgment of foreclosure. Three of the four issues raised in this appeal are without merit and warrant no further discussion. However, we write to briefly address appellants' contention that reversal is warranted because MetLife Home Loans[1] failed to comply with a condition precedent under the subject mortgage agreement.

The mortgage, entered into by the borrower, Gerard LaFaille, provided that in the event of the borrower's death, the lender may require immediate payment in full of all sums if the property is not the principal residence of at least one surviving borrower. [2] If the debt is accelerated based upon the death of the borrower and the property is not the principal residence of a surviving borrower, the terms of the mortgage do not require the lender to give notice prior to acceleration. The mortgage also provides that any notice sent to the borrower shall

---

[1] MetLife Home Loans was the original plaintiff that filed the mortgage foreclosure complaint. Nationstar was later substituted as party plaintiff, without objection and prior to final judgment. However, the trial court entered a final judgment which incorrectly listed MetLife as the plaintiff. During the pendency of this appeal, we relinquished jurisdiction to the trial court to enter an order amending the final judgment.

[2] Gerard LaFaille was the only "borrower" under the mortgage and the note and the only signatory to those documents. He passed away on January 9, 2010. The foreclosure action was filed on September 21, 2010.

be directed to the address of the mortgaged property or any other address designated by the borrower.

Appellants assert that Nationwide was required to prove compliance with the mortgage's notice provision and that its failure to do so requires reversal of the final judgment of foreclosure. However, even if the mortgage did require notice to the borrower upon his death (which it plainly did not), neither of the appellants was a party to, or a "borrower" under, the mortgage or note, and thus, have no standing to assert this defense. See Clay County Land Trust v. JP Morgan Chase Bank, N.A., 152 So. 3d 83 (Fla. 1st DCA 2014) (holding that because the Trust was not a party to the mortgage, it did not have standing to challenge a violation of the mortgage terms). Furthermore, the operative complaint alleged, and the unrebutted evidence at trial established, substantial compliance with the mortgage agreement's notice provision, and we therefore affirm the trial court in all respects. See Bank of New York Mellon v. Nunez, 180 So. 3d 160, 163 (Fla. 3d DCA 2015) (holding that "the lender's default notice to the borrower must only substantially comply with the conditions precedent set forth in the mortgage").

Affirmed.