ROTHSTEIN-YOUAKIM, Judge.
Linda L. Shaffer appeals from a final judgment of foreclosure, arguing, among other things, that Deutsche Bank National Trust,' as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage Backed Notes, Series 2006-1 (the Bank),, lacked standing to foreclose. Because- we agree that the Bank failed to prove that it had standing at the inception of the suit, we reverse.[1]
*944 In September 2009, the Bank filed a complaint against Shaffer for mortgage foreclosure and to reestablish a lost note. Along with the complaint, the Bank filed a copy of the May 2009 assignment of the mortgage. to the Bank from Mortgage Electronic Registration Systems, Inc., as nominee for the original lender, American Home Mortgage Acceptance Inc. (AH-MAI). Before trial, however, the Bank filed with the court the original note and voluntarily dismissed the lost-note count. The note, which was dated September 21, 2005, identified AHMAI as the payee and bore an undated indorsement in blank.
At trial, Shannon Fretwell, a loan analyst for Ocwen, the note servicer, testified regarding Ocwen’s boarding process and the documents that Ocwen had received from the previous servicer. One of those documents was a limited power of attorney (LPOA), effective July 2009, between the Bank and prior servicer American Home Mortgage Servicing, Inc. (AHMSI). The LPOA authorized AHMSI to act on behalf of the Bank in connection with, among other things, American Home Mortgage Investment Trust 2006-1, which, according to an exhibit attached to the LPOA, was dated March 29,2006.
Based on her review of the LPOA, Fret-well testified that the loan had been transferred into the trust on March 29, 2006. She subsequently explained that, by “loan,” she meant “note,” and by “transferred,” she meant that the note had been made “a party of the trust,” i.e., the trust had “owned” it. We note, however, that nothing in the LPOA—or in any other document admitted at trial—establishes what American Home Mortgage Investment Trust 2006-1 comprised, and Fret-well did not indicate the basis for her testimony that the note itself had been transferred into the trust.[2] We also note, however, that Shaffer did not cross-examine her on that point despite having the opportunity to do so.
Regardless, even accepting Fret-well’s testimony that the note itself was transferred into the trust on March 29, 2006, there is no evidence establishing what interest in the note AHMAI transferred to the Bank as trustee. There is no evidence establishing when the blank in-dorsement had been placed on the note, and the Bank did not properly introduce a copy of the Pooling and Servicing Agreement (PSA) establishing the duties, rights, and obligations of the parties to the trust.[3]
*945 “[E]vidence that the note was transferred into the trust prior- to the foreclosure action is insufficient by itself to confer standing because there-[is] no evidence that the indorsee had the intent to transfer any interest to the trustee.” Balch v. LaSalle Bank N.A., 171 So.3d 207, 209 (Fla. 4th DCA 2015); see also Jarvis v. Deutsche Bank Nat’l Tr. Co., 169 So.3d 194, 196 (Fla. 4th DCA 2015) (“[Evidence that the note was physically transferred into a trust prior to Deutsche Bank filing its foreclosure complaint does not, by itself, establish standing.”). Absent any evidence establishing the interest that AHMAI conveyed to the Bank when transferring the note into the trust, we conclude that the Bank failed to establish standing, and we reverse and remand with instructions for the trial court to enter an involuntary dismissal.
Reversed and remanded.
SILBERMAN, J., Concurs.
YILLANTI, C. J., Concurs specially with opinion.

. Because we conclude that reversal is warranted on this ground, we decline to address *944 Shaffer’s other challenges to the judgment.

. The LPOA indicated that the trusts covered by its terms could include mortgages, deeds of trust, retail installment contracts, or promissory notes.

. Before trial, the Bank requested that the trial court take judicial notice of a partial copy of a PSA relating to the applicable trust. However, this PSA—a document personal to one of the parties—was not subject to judicial notice under either section 90.201 or section 90.202, Florida Statutes (2014). Moreover, the unauthenticated PSA was simply attached to a notice of filing and was, therefore, inadmissible at trial without further testimony. See, e.g„ BAC Funding Consortium Inc. IS-AOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 939 (Fla. 2d DCA 2010) (noting that an unauthenticated document attached as an exhibit to a motion did not constitute admissible evidence); Ciolli v. City of Palm Bay, 59 So.3d 295, 297 (Fla. 5th DCA 2011) (noting that an unauthenticated document attached to a memorandum of law does not constitute competent evidence); Tunnell v. Hicks, 574 So.2d 264, 266 (Fla. 1st DCA 1991) (noting that an unauthenticated letter attached as an exhibit to a motion was not admissible and not properly before the court). Because the PSA was not subject to judicial notice and because the Bank took no steps to authenticate it or introduce it into evidence at trial, the PSA was not properly before the court and cannot constitute evidence of the Bank’s standing.