IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF NEW YORK MELLON
F/K/A BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST
2007-OH1 MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-OH1,

      Appellant,

 v.                                   Case No.  5D17-1152

JULIAN BURGIEL, EGRET'S LANDING
AT LAKE MARY HOMEOWNERS
ASSOCIATION, INC. AND BOCA STEL, LLC,

      Appellees.         .

_____/

Opinion filed May 25, 2018

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Jennifer Lima-Smith and Tara M.
McDonald, of Gilbert Garcia Group, P.A.,
Tampa, for Appellant.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellee, Boca Stel, LLC.

No Appearance for Other Appellees.


ORFINGER, J.

In this residential foreclosure case, Bank of New York Mellon, f/k/a Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2007-OH1 Mortgage Pass-Through Certificates, Series 2007-OH1 ("Bank") appeals a final judgment of involuntary dismissal entered in favor of appellee Boca Stel, LLC for lack of standing.[1] We reverse and remand.

We review de novo a trial court's ruling on a motion for involuntary dismissal. Wilmington Sav. Fund Soc'y, FSB v. Louissaint, 212 So. 3d 473, 475 (Fla. 5th DCA 2017). When reviewing the grant of an involuntary dismissal, we "view the evidence and all inferences of fact in a light most favorable to the nonmoving party," and affirm "only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." Deutsche Bank Nat'l Tr. Co. v. Clarke, 87 So. 3d 58, 60 (Fla. 4th DCA 2012). We similarly review de novo whether a party has standing to bring the foreclosure action. Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011); Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d 1110, 1115 (Fla. 5th DCA 2015).

In any mortgage foreclosure proceeding, a party seeking foreclosure must demonstrate that it has standing to foreclose. E.g., Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 45-46 (Fla. 5th DCA 2015); McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). A foreclosure plaintiff must have standing both at the inception of the foreclosure proceeding as well as at the time of final judgment. Bowmar v. SunTrust Mortg., Inc., 188 So. 3d 986, 988 (Fla. 5th DCA 2016) (citing Pennington v.

---

[1] The trial court did not err by allowing Boca Stel to participate in the proceedings. Boca Stel took title to the property before Bank filed the foreclosure action. Thus, Boca Stel was an indispensable party. See U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185, 1188 (Fla. 3d DCA 2014).

<u>Ocwen Loan Servicing, LLC</u>, 151 So. 3d 52, 53 (Fla. 1st DCA 2014)). To prove standing in a mortgage foreclosure case, the plaintiff must prove its status as a holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091 or section 673.4181(4), Florida Statutes. § 673.3011, Fla. Stat. (2014). A holder is defined as, <u>inter alia</u>, "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." <u>Id.</u> § 671.201(21)(a).

In this case, Bank's complaint alleged that it acquired the loan and possessed both legal and beneficial interest in the note and mortgage prior to filing the complaint. This language notwithstanding, attached to the complaint was a copy of the note with a blank indorsement, making it payable to the bearer. There is no dispute that the original note entered into evidence at trial was identical to the copy attached to the complaint. This was sufficient evidence to show that Bank had standing both at the inception of the foreclosure proceeding as well as at the time of final judgment; Boca Stel presented no evidence to the contrary.[2]

---

[2] There was also sufficient foundation to admit the business records. The foreclosure litigation specialist established that the records were reviewed for accuracy during the boarding process with which she was sufficiently familiar. <u>See</u> <u>Nationstar Mortg., LLC v. Berdecia</u>, 169 So. 3d 209, 216 (Fla. 5th DCA 2015) (explaining that successor servicer's witness need not have personally participated in boarding process to ensure accuracy of records acquired from prior servicer of subject loan; rather, witness need only "demonstrate[] a sufficient familiarity with the 'boarding' process to testify about it"); <u>Channell v. Deutsche Bank Nat'l Tr. Co.</u>, 173 So. 3d 1017, 1020 (Fla. 2d DCA 2015) (finding that successor mortgage servicer may establish admissibility of prior mortgage servicer's loan records by testimony that successor servicer independently confirmed accuracy of predecessor's records or by offering evidence that records were reviewed for accuracy prior to being integrated into successor servicer's records system); <u>Bank of N.Y. v. Calloway</u>, 157 So. 3d 1064, 1072 (Fla. 4th DCA 2015) (stating that successor mortgage servicer "itself may establish trustworthiness by independently confirming the accuracy of the third-party's business records upon receipt").

The combination of the copy of the note attached to the complaint and the later-filed original sufficed to establish Bank's standing to foreclose.[3]  Louissaint, 212 So. 3d at 476; see Wells Fargo Bank, N.A. v. Ousley, 212 So. 3d 1056, 1058 (Fla. 1st DCA 2016) ("A copy of a note with a blank endorsement attached to the complaint, with the original filed at trial, is enough to establish standing for the party that filed the complaint.").  Thus, the trial court erroneously dismissed Bank's case for lack of standing.  Louissaint, 212 So. 3d at 476; see Bank of N.Y. Mellon v. Heath, 219 So. 3d 104, 106 (Fla. 4th DCA 2017) ("Here, Bank established standing because the original note and blank-endorsed allonge was properly authenticated and introduced into evidence at trial, which was identical to the copy of the note and blank-endorsed allonge attached to the complaint.").

We reverse the final judgment of involuntary dismissal and remand for further proceedings.

REVERSED and REMANDED.

PALMER and LAMBERT, JJ., concur.

---

[3] For this reason, the trial court's exclusion of the limited power of attorney in this case was not relevant to establish Bank's standing.  The excluded limited power of attorney would have only been relevant to the issue of the servicer's standing to foreclose as servicer of the loan.  Deutsche Bank Tr. Co. v. Merced, 238 So. 3d 438, 441 n.1 (Fla. 5th DCA 2018); see Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639 (Fla. 2d DCA 2015) (finding that power of attorney by which trustee that owned mortgage loan granted limited powers to current loan servicer was insufficient to establish that prior loan servicer, and therefore current loan servicer, had standing to foreclose at time it filed the foreclosure action).  Here, however, Bank, not its servicer, was the party attempting to foreclose.  Merced, 238 So. 3d at 441 n.1.  In addition, the trial court's exclusion of the late disclosed document was an abuse of discretion given its failure to consider the factors set out in Binger v. King Pest Control, 401 So. 2d 1310 (Fla. 1981).

4