# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.

_____

No. 3D19-1708
Lower Tribunal No. 18-8338

_____

**78D Team, LLC,**
Appellant,

vs.

**U.S. Bank, N.A., etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

Burr & Forman LLP., and Nicholas S. Agnello and Matt Mitchell (Fort Lauderdale), for appellee.

Before EMAS, C.J., and GORDO and LOBREE, JJ.

ON MOTION FOR REHEARING

LOBREE, J.

We deny the motion for rehearing, withdraw our prior opinion, and substitute

this opinion in its stead.

78D Team, LLC (the "Subsequent Purchaser") appeals from a payment order entered pursuant to section 702.10(2), Florida Statutes (2018), in foreclosure proceedings in favor of U.S. Bank (the "Mortgagee"). The Subsequent Purchaser challenges the lower court's purported retroactive and unconstitutional application of section 702.10(2) to proceedings involving a 2004 mortgage, as well as the sufficiency of the lost-note affidavit and allegedly fraudulent assignment. We affirm.

The Subsequent Purchaser's conceded lack of privity with the parties to the mortgage would ordinarily deprive it of standing to assert *their* constitutional rights. See Green Emerald Homes, LLC v. 21st Mortg. Corp., 300 So. 3d 698, 706 (Fla. 2d DCA 2019) (affirming the "extension to the mortgage foreclosure context of the hornbook contract law rule that a person who is neither a party to nor an intended third-party beneficiary of a contract has no rights under the contract to enforce"); Sieniarecki v. State, 756 So. 2d 68, 76 (Fla. 2000) ("[C]onstitutional rights are personal in nature and generally may not be asserted vicariously."). The Subsequent Purchaser argues that it falls within one of the recognized exceptions to this rule, as it would "stand to lose from the outcome of [the] case and yet . . . have no other effective avenue for preserving [its] rights." Jones v. State, 640 So. 2d 1084, 1085

2

(Fla. 1994). However, even if this were the case,[1] its argument fails on the merits, since the application of the statute here was not retroactive to begin with.

"The threshold question is whether the proposed application of the statute to a particular case constitutes retroactive application." R.A.M. of S. Fla. v. WCI Cmtys., Inc., 869 So. 2d 1210, 1215 (Fla. 2d DCA 2004). A statute "does not operate 'retroactively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law." Landgraf v. USI Film Prods., 511 U.S. 244, 269 (1994). Rather, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." Id. at 269-70. "[R]etroactivity is a matter on which judges tend to have 'sound . . . instinct[s]' . . . and familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." Id. at 270; see also Metropolitan Dade County v. Chase Fed. Hous. Corp., 737 So. 2d 494, 499 (Fla. 1999).

Here, the Subsequent Purchaser acquired title in 2018, well after the 2013 amendment. Even if, as alleged, the mortgagors' rights under the 1993 iteration of the statute were found to be contrary to those under the 2013 amendment,[2] no such rights ever vested or accrued to them, where both their default and the foreclosure

---

[1] We decline to decide this issue, as the result of affirmance is the same regardless.

[2] We express no view on this issue of statutory construction.

3

proceedings below took place after the 2013 amendment's effective date. If the mortgagors' *default* occurred under the operation of the 2013 amendment, *relief* for the mortgagee pursuant to the same enactment could not have possibly represented a "new obligation" or "impose[d] new penalties." State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 61 (Fla. 1995).

We find the lost-note affidavit, in conjunction with the other evidence accompanying it, sufficient to show that the Mortgagee was a lawful holder of the note. See Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, N.A., 43 Fla. L. Weekly D2416, 2018 WL 5733627, at *4 (Fla. 3d DCA Oct. 31, 2018) (holding that "HSBC had standing to foreclose if at the time of filing the action it was the holder _or_ owner of the note," and "[noting] that this issue was recently addressed by this court in HSBC Bank USA, N.A. v. Buset, 241 So. 3d 882 (Fla. 3d DCA 2018)").

We also deem the attack on the assignment to be, alternatively, precluded for lack of standing, unsupported by the record, or irrelevant to the Mortgagee's standing as a holder of the note. See Wells Fargo Bank, N.A. v. Rutledge, 230 So. 3d 550, 552 (Fla. 2d DCA 2017) (subsequent purchaser lacked standing to argue that borrower's signature on note and mortgage was forged); Buset, 241 So. 3d at 889, 892 (rejecting unclean hands challenge, as subsequent purchaser had notice of purportedly fraudulent assignment, which was public record valid on its face, and alternatively holding that "even if this assignment were void or voidable, which it is

4

not, the Bank, as holder of the note, would have the authority to foreclosure the mortgage").

Affirmed.